### WINDERMERE SAV. & LOAN CO. v. CLEVELAND CIT. PUB. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

**480. EVIDENCE.**
1. Admission of oral evidence concerning written contract, claimed to be lost, held not prejudicial error.
2. Hearsay evidence not admissable.

**297. CONTRACTS—887. Parties.**
1. Under contract, between publishing company and solicitor who agreed to solicit advertising and pay for publishing paper and other expenses and divide net profits with publisher, such publishing company has no interest in funds collected by solicitor's agent.
2. In action against bank for conversion of funds wrongfully deposited by solicitor's agent, publishing company held not real party in interest.

**1235. VERDICT.**
In this case, held not supported by evidence, and contrary to law.

Dustin, McKeehan, Merrick, Arter & Stewart, and Riley & McQuigg, Cleveland, for Sav. & Loan Co.

D. K. Henderson, Cleveland, for Publishing Co.

VICKERY, J.

1. In action against bank for conversion of money bank claimed belonged to it which had been collected by soliciting agent of S, admitting evidence of written contract between plaintiff and S, which provided that S should procure advertisements for paper and divide profits with plaintiff, held harmless error, where record showed that search had been made for contract, and that no one knew where it was.

2. Under contract between plaintiff publishing company and S, whereby S agreed to solicit advertising and pay for publishing paper and other expenses, and divide net profits with plaintiff, plaintiff had no interest in funds collected by S's soliciting agent, which it was claimed defendant bank converted, until after there had been collection of all funds and payment of all debts by S when plaintiff would have coming to it only 50% of net profits, not necessarily from such fund.

3. Publishing company held not real party in interest, in action against bank for conversion of funds deposited in bank by soliciting agent of S, who had contracted with publishing company to solicit advertisements, and pay expenses of publishing paper, and divide profits with publishing company, where agent had collected for advertisements, and, without authority, had indorsed checks and deposited same in defendant bank.

4. In action against bank for conversion of money which agent of one, who had contracted to solicit advertisements, and, after paying for publishing paper, to divide profits with plaintiff, had collected for advertising by checks and deposited checks in defendant bank without authority, permitting witness to testify that makers of checks had told him that they were checks paying for advertisements held prejudicial error, since such evidence was hearsay.

5. In action against bank for conversion of money deposited by soliciting agent of one who had contracted with plaintiff to solicit advertisements, and, after paying for publishing of paper, to divide profits with plaintiff, which agent had collected checks for advertisements and deposited them without authority in defendant bank, verdict for plaintiff held not supported by evidence and contrary to law.

(Levine, PJ. and Sullivan, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.